UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY O. CUNNINGHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-436 SRW |
| | ) |
| TERI VANDERGRIFF, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jimmy O. Cunningham for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The State has filed a response. Petitioner did not file a reply, and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.    BACKGROUND**

On October 23, 2018, Petitioner pleaded guilty to attempted enticement of a child. The Circuit Court of Adair County sentenced him to ten years imprisonment. Petitioner did not appeal his conviction. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 24.035. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

**II.    STANDARD**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on

1

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim which has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III.   DISCUSSION

Petitioner raises two arguments in his petition. First, he asserts he was entrapped by law enforcement. Second, he asserts there was insufficient evidence to convict him because there was no evidence he sent the messages at issue in the case.

### A.  Ground One – Entrapment

Petitioner's first alleged claim is entrapment. His factual basis for the claim is, "That he could not recall anything." The Missouri Court of Appeals did not rule on this issue because Petitioner did not raise it in his PCR appeal.

To preserve issues for habeas review, federal habeas petitioners must raise the claims first during their direct appeal or PCR proceedings, including PCR appeals. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (citing *Nave v. Delo*, 62 F.3d 1024, 1030 (8th Cir. 1995)); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred."). Petitioners' claims must rely on the same factual and legal bases relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Petitioners abandon a claim when they do not raise it before their habeas appeal. *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)). With respect to a merits analysis, "a state court's determination that a claim lacks merit precludes federal habeas relief so

3

long as 'fairminded jurists could disagree' on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Petitioner's habeas claim that he was entrapped by law enforcement is procedurally barred. In Petitioner's PCR appeal proceeding, Petitioner's sole claim was that he received ineffective assistance of counsel when his plea counsel failed to assert the defense of entrapment prior to his guilty plea. (ECF No. 10-7, at 4). An ineffective assistance of counsel claim differs factually and legally from a claim of entrapment. Petitioner therefore abandoned the claim of entrapment. Petitioner's habeas claim is procedurally barred because Petitioner did not raise this ground in his state court proceedings. The Court will deny the petition on this ground.

Petitioner's alleged claim of entrapment is also barred on the merits. Although the Missouri Court of Appeals denied Petitioner's appeal on the point that he did not receive ineffective assistance of counsel, it also reasoned that Petitioner was not entrapped by law enforcement:

> To assert a successful entrapment defense, Cunningham would have had to demonstrate "evidence showing both governmental inducement to engage in unlawful conduct and [his] lack of a willingness to engage in such conduct." *State v. Anderson*, 467 S.W.3d 378, 381 (Mo. App. 2019). "The basic question is whether the defendant's criminal activity was caused by the creative activity of the officer or by the defendant's own predisposition." *Id.* at 381-82 (citation omitted). "If criminal intent originates in the mind of the defendant, it is no defense to charge that an opportunity is furnished or that an officer aids in the commission of the crime." *Id.* at 382 (citation omitted).
>
> Cunningham argues there was evidence of governmental inducement and his lack of willingness to engage in attempted enticement. He notes Feeney initiated the contact with him, continued to converse with him, and "feigned sympathy and understanding by complimentarily, coyly, and even coquettishly responding to [him]." He asserts his "low cognitive function" made him "unusually susceptible" to Feeney's ruse. The State's evidence, however, showed that, even though Feeney initiated the contact, it was Cunningham who first professed his love for the 13-year-old persona, asked to be her online boyfriend, asked to kiss her, initiated the

> sexually explicit conversation, arranged to meet her at Wal-Mart, and showed up at Wal-Mart to meet her. This evidence demonstrated Cunningham's predisposition and willingness to commit the crime of attempted enticement.

(ECF No. 10-7, at 7-8) (omissions in original).

As the Court of Appeals correctly indicated, a successful claim for entrapment under Missouri law requires two elements—that the government induced a defendant's unlawful conduct and that the defendant had a lack of willingness to engage in such conduct. *State v. Anderson*, 467 S.W.3d 378, 381 (Mo. App. 2019). The defendant bears the burden to raise the issue of entrapment. *Id.* (citations omitted).

Petitioner never raised the defense of entrapment. If he had, he would not have fulfilled either element. There is no evidence the government induced Petitioner, and Petitioner also cannot prove his lack of willingness to engage in such conduct—Petitioner was the one to ask to be the 13-year-old persona's boyfriend, to profess that his desires were against the law, and to arrange the meetup at Walmart. (ECF No. 10-2, at 39-40). While the government initiated the contact, Petitioner continued the conversation and moved it in a sexual direction. He took concrete steps toward what he thought would be an overnight visit with a 13-year-old girl, even showing up in person to meet her. The Court does not find that there is a reasonable probability the outcome of the trial would have been different had Petitioner asserted the defense of entrapment. The Court of Appeals' decision is entitled to deference as it is not an unreasonable application of federal law nor an unreasonable determination of the facts. The Court will deny the petition on this ground.

If Petitioner intended to allege ineffective assistance of counsel for failure to assert entrapment in his habeas petition instead of mere entrapment, his claim would not be barred procedurally because he raised it in his PCR proceeding. This Court will consider the merits of

5

an ineffective assistance of counsel allegation because pro se claims are to be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, this claim is still barred on the merits because the Court of Appeals' decision is entitled to deference.

The Missouri Court of Appeals denied Petitioner's PCR appeal on ineffective assistance of counsel, finding:

> During the evidentiary hearing, plea counsel testified that another attorney had initially represented Cunningham and that he entered this case amid ongoing plea negotiations. He had experience handling attempted enticement cases involving internet activity by the police. Plea counsel talked with Cunningham about the evidence against him, the police's actions, and potential defenses. He believed that asserting an entrapment defense in this case would be very risky, especially in light of what the State was offering in plea negotiations.
>
> Plea counsel testified that he examined all of the evidence, both favorable and unfavorable, and made a conscious decision based on his knowledge and experience to recommend that Cunningham proceed with a plea as opposed to a trial. He noted, however, that it was "totally" Cunningham's decision whether to accept the plea offer.
>
> . . . Indeed, the entirety of plea counsel's testimony indicates that it was, in fact, a strategic decision not to pursue an entrapment defense at that time.
>
> . . . .
>
> In light of this significantly unfavorable evidence [Cunningham's predisposition and willingness to commit attempted enticement] and the fact that Cunningham was facing the possibility of up to 30 years in prison for this charge and perhaps additional time for a possible second charge, it was a reasonable strategic decision for plea counsel to continue plea negotiations with the State instead of filing a motion asserting entrapment. Plea counsel "is not ineffective for wielding [his] professional discernment to predict the relative exculpatory value of evidence at trial." Likewise, plea counsel is not "ineffective for using [his] experience and judgment to weigh the strictures and advantages of a proposed plea [agreement] against the likely outcome if the matter were to proceed to trial." Cunningham has failed to show that plea counsel did not exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances.
>
> Because Cunningham did not establish plea counsel's performance was deficient, we need not analyze whether he established prejudice.

6

(ECF No. 10-7, at 5-8) (citations omitted).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test established by *Strickland v. Washington*, 466 U.S. 687, 690, 694 (1984). First, he must show counsel's performance was so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance;" and second, he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Petitioner cannot show his plea counsel's performance was deficient; therefore, he fails the test on the first prong. At the evidentiary hearing, Petitioner's plea counsel testified that he believed entrapment would be a risky defense, and counsel considered the State's plea negotiations to be favorable. (ECF No. 10-2, at 73). Petitioner's plea counsel reviewed the facts of the case and the behavior of law enforcement, and he used these specifics to inform his decision that entrapment was not a viable defense. (*Id.* at 79-80). Had he found any behaviors by law enforcement to be egregious enough to be considered entrapment, he would have raised the issue and filed the necessary motions. (*Id.* at 80-81). The plea counsel's testimony shows that he made a conscious decision based on his knowledge and experience to make a recommendation to Petitioner, and that his actions were well within the range of professionally competent assistance.

The Court of Appeals' decision is entitled to deference as it is not an unreasonable application of federal law or an unreasonable determination of the facts. The Court will deny the Petition on this ground.

### B. Ground Two – Online Messages

In his second ground for relief, Petitioner asserts that there is insufficient evidence that he was the person who sent the Facebook messages: "Can't prove I was behind the phone." Specifically, he asserts that the government "had messages, but cannot prove that I was behind the cell phone at the time of the messages." The Court of Appeals did not rule on this issue because Petitioner did not raise it in his PCR appeal.

To preserve issues for habeas review, federal habeas petitioners must raise the claims first during their direct appeal or PCR appeal proceeding. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (citing *Nave v. Delo*, 62 F.3d 1024, 1030 (8th Cir. 1995)). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred." *Coleman*, 501 U.S. at 750. A petitioner's claims must rely on the same factual and legal bases relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Petitioners abandon a claim when they do not raise it before their habeas appeal. *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)).

Petitioner's claim that there is insufficient evidence that he sent the messages is procedurally barred. In Petitioner's PCR appeal proceeding, Petitioner's sole claim was that he received ineffective assistance of counsel when his plea counsel failed to assert the defense of entrapment prior to his guilty plea. (ECF No. 10-7, at 4). Petitioner's habeas claim is therefore abandoned because Petitioner did not raise this ground prior to his habeas petition. The Court will deny the petition on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jimmy O. Cunningham for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Jimmy O. Cunningham's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 13th day of March, 2023.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE